[PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-10267

_____

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

*versus*

MARCO ANTONIO PEREZ,
a.k.a. Red,

                                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket Nos. 1:21-cr-00005-JB-N-1,
1:18-cr-00340-KD-B-1

_____

Before JORDAN, LAGOA, and ED CARNES, Circuit Judges.

JORDAN, Circuit Judge:

In relevant part, 18 U.S.C. § 3147 provides that, if a person commits a felony offense while on pretrial release, he "shall be sentenced, in addition to the sentence prescribed for the offense, to . . . a term of imprisonment of not more than ten years," with the additional term to be "consecutive to any other sentence of imprisonment." We hold that a sentence imposed pursuant to § 3147 can exceed the maximum term prescribed for the underlying offense(s) of conviction. But in such a circumstance the issue of whether the person committed a felony offense while on pretrial release must be submitted to a jury and proven beyond a reasonable doubt pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and its progeny.

I

In late 2018 a grand jury in Mobile, Alabama, charged Marco Antonio Perez with possessing a stolen firearm in violation of 18 U.S.C. § 922(j). The district court allowed him to be released on bond pending trial. A probation officer instructed him on the terms of his pretrial supervision, and provided him with a form which included the following language:

> The commission of a federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the

> offense is a felony, or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence you receive.

D.E. 66-1 at 4. Mr. Perez signed the form, indicating that he understood its terms. *See id*.

Not long after he was released, Mr. Perez faked his own kidnapping. The Mobile Police Department then began looking for Mr. Perez pursuant to an arrest warrant. While off duty on a Sunday, Officer Sean Tuder was informed that Mr. Perez was staying at the Peach Place Inn Apartments in Mobile. Officer Tuder called the patrol sergeant to request assistance in arresting Mr. Perez, and then he drove over to the Peach Place Inn in his personal car and dressed in civilian clothes.

Upon seeing Mr. Perez, Officer Tuder jumped out of his car and aimed his gun at him. Mr. Perez froze and slowly backed away. Officer Tuder ran toward Mr. Perez and attempted to wrestle him into control. A struggle ensued. Mr. Perez pulled a previously stolen firearm out of his waistband and shot Officer Tuder three times. Those shots proved fatal.

Mr. Perez tried to run into a nearby wooded area, but other officers arrived and captured him. A superseding indictment charged him with receiving a firearm while under indictment in violation of 18 U.S.C. § 922(n), possessing a stolen firearm in violation of 18 U.S.C. § 922(j), obstruction of justice by killing a witness in violation of 18 U.S.C. § 1512(a)(1)(C), and carrying, using, and

discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The case proceeded to trial, and the jury convicted him of the two § 922 firearm charges and acquitted him of the § 1512 and § 924 charges.

After trial, but before sentencing, the government filed a notice informing Mr. Perez that it was going to seek a ten-year consecutive sentence pursuant to § 3147. The probation office calculated the total offense level as 52 and the criminal history category as VI, with a corresponding advisory range of life in prison under the Sentencing Guidelines. The total offense level of 52 included a three-level enhancement because of § 3147. *See* U.S.S.G. § 3C1.3 ("If a statutory sentencing enhancement under 18 U.S.C. § 3147 applies, increase the offense level by 3 levels.").[1]

The § 922(n) conviction carried a statutory maximum sentence of five years in prison, while the § 922(j) conviction carried a statutory maximum sentence of ten years in prison. Running these sentences consecutively, as set out in U.S.S.G. § 5G1.2(d), resulted in a total maximum sentence of fifteen years. That sentence was still below the advisory guideline range of life in prison, even after a ten-year consecutive sentence was tacked on pursuant to § 3147

---

[1] Since 2006, U.S.S.G. § 3C1.3 has been the guideline provision addressing § 3147. Before then, the applicable guideline provision was U.S.S.G. § 2J1.7 (now deleted). *See United States v. Chuong Van Duong*, 665 F.3d 364, 368 (1st Cir. 2012).

22-10267               Opinion of the Court                        5

because Mr. Perez committed the § 922(n) offense while on pretrial release.

The probation office determined that the advisory guideline range was 300 months (or twenty-five years) in prison and the district court agreed. Mr. Perez objected to the § 3147 ten-year consecutive sentence, asserting that there was an *Apprendi* error because (a) the ten-year sentence exceeded the maximum sentences permitted for his underlying offenses of conviction, and (b) the jury never found beyond a reasonable doubt that he committed a felony offense while on pretrial release (the necessary fact for the § 3147 consecutive sentence). The district court ruled that there was no *Apprendi* problem because the jury found Mr. Perez guilty of receiving a firearm while under indictment in violation of § 922(n), and sentenced him to a prison term of 300 months.

## II

We review the legality of Mr. Perez's sentence *de novo*. *See United States v. Cobbs*, 967 F.2d 1555 (11th Cir. 1992). This plenary standard applies to the interpretation of § 3147 and to the *Apprendi* issue. *See Dept. of Caldas v. Diageo PLC*, 925 F.3d 1218, 1221 (11th Cir. 2018) (statutory interpretation presents a question of law); *United States v. Candelaria*, 240 F.3d 1300, 1306 (11th Cir. 2001) (whether a sentence violates *Apprendi* is subject to *de novo* review).[2]

---

[2] The government argues that plain error review applies to Mr. Perez's argument that § 3147 does not authorize the district court to impose a sentence that exceeds the maximum permitted for the underlying offense(s) of

### III

Mr. Perez argues that § 3147 did not authorize the district court to exceed the statutory maximum sentences for his underlying offenses of conviction (which totaled fifteen years). In his view, § 3147 only allows a court to increase (i.e., enhance) a sentence within the statutory maximum for the underlying offense(s) of conviction.

### A

Our starting point is the language of § 3147. *See United States v. Braddy*, 11 F.4th 1298, 1309 (11th Cir. 2021). Here is the full text of the statute:

> A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to
>
> (1) a term of imprisonment of not more than ten years if the offense is a felony; or
>
> (2) a term of imprisonment of not more than one year if the offense is a misdemeanor.
>
> A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

---

conviction. In the government's view, Mr. Perez did not sufficiently preserve that argument in the district court. We do not address the government's contention because Mr. Perez's § 3147 argument fails under plenary review.

18 U.S.C. § 3147. We have described § 3147 as a "sentence enhancement statute." *United States v. Tyndale*, 209 F.3d 1292, 1295 (11th Cir. 2000).

We "normally interpret[ ] a statute in accord with the ordinary public meaning of its terms at the time of its enactment." *Bostock v. Clayton Cty.*, 140 S.Ct. 1731, 1738 (2020). Like the Third Circuit in *United States v. Lewis*, 660 F.3d 189, 192 (3d Cir. 2011), we read the language of § 3147 to require a consecutive sentence–of up to ten years–in addition to the sentence for the offenses of conviction, even where the enhancement takes the total sentence beyond the statutory maximum for the underlying offense(s) of conviction.

The first paragraph of § 3147 requires a court (emphasis ours) to impose a sentence of up to ten years "*in addition to* the sentence prescribed for the offense." And the last paragraph of § 3147 specifies (emphasis again ours) that the "term of imprisonment imposed under this section *shall be consecutive* to any other sentence of imprisonment." Congress would not have used the phrases "in addition to the sentence prescribed" and "shall be consecutive" if it meant for the § 3147 enhancement to be included only as part of the sentence for the underlying offenses of conviction. *See Lewis*, 660 F.3d at 192 (reviewing for plain error but conducting plenary statutory analysis). Moreover, § 3147 "contains no qualification or exception where adding up to ten years of the 'sentence prescribed' would exceed the statutory maximum for the underlying offense. It is difficult for us to read this language in any other manner; by its

own terms, the provision states that a sentence of up to ten years shall be imposed 'in addition to the sentence prescribed' for the underlying felony." *Id. Accord United States v. Confredo*, 528 F.3d 143, 155 (2d Cir. 2008) (stating, in dicta, that § 3147 "exposes [the defendant] to a higher maximum, *i.e.*, ten more years, than the highest maximum he could have received on the offense-on-release counts").

The D.C. and Fifth Circuits have said in dicta that § 3147 only increases a sentence within the guideline range (and within the statutory maximum) for the underlying offense(s) of conviction. *See United States v. Samuel*, 296 F.3d 1169, 1175 (D.C. Cir. 2002) ("Where a defendant has not been separately convicted of an offense under § 3147, but instead has merely had his offense level increased under [U.S.S.G.] § 2J1.7 [now U.S.S.G. § 3C1.3], the Sentencing Guidelines decree that the maximum term to which he may be sentenced is the maximum authorized for the underlying offense.") (citing U.S.S.G. § 5G1.1); *United States v. Dison*, 573 F.3d 204, 209 (5th Cir. 2009) ("[R]egardless of the fact that § 3147 calls for punishment 'in addition to the sentence prescribed' for the underlying offense, the § 3147 enhancement can never result in a sentence in excess of the statutory maximum prescribed for the offense committed while on release[.]") (citing U.S.S.G. § 5G1.1(a) and *Samuel*). We do not find their statements persuasive. First, the D.C. and Fifth Circuit decisions do not properly account for the "in addition to the sentence prescribed for the offense" and "shall be consecutive" language in § 3147. *See Lewis*, 660 F.3d at 194. Second, though the Sentencing Guidelines can and do provide a

mechanism for implementing a § 3147 enhancement in cases where the total sentence does not exceed the statutory maximum for the underlying offense(s) of conviction, *see* U.S.S.G. §3C1.3, the Sentencing Commission "has no authority to override" a sentencing statute like § 3147. *See Neal v. United States*, 516 U.S. 284, 294 (1996). *Cf.* U.S.S.G. § 5G1.2(a) ("Except as provided in subsection (e), the sentence to be imposed on a count for the which the statute . . . requires that such term of imprisonment be imposed to run consecutively to any other term of imprisonment, shall be determined by that statute and imposed independently.").

Where, as here, the language Congress used is clear, "that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said." *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998). *See also Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there."). We therefore conclude that the district court did not err in imposing a ten-year consecutive sentence pursuant to § 3147 that took Mr. Perez's total sentence to twenty-five years.

## B

Mr. Perez argues that some Eleventh Circuit cases compel us to hold that a § 3147 enhancement only affects the guideline sentence and cannot be applied to exceed the statutory maximum for the underlying offense(s) of conviction. These cases are *United States v. Martell*, 906 F.2d 555, 559 (11th Cir. 1990), *United States v.*

*Bozza*, 132 F.3d 659, 661–662 (11th Cir. 1998), and *Tyndale*, 209 F.3d at 1295–96.

In *Martell*, which was decided when the Sentencing Guidelines were mandatory, we reversed a ten-year enhancement under § 3147 that did not result in a total sentence that exceeded the statutory maximum for the underlying offenses of conviction. We did so because the Sentencing Guidelines called for a 15 to 21 month enhancement under § 3147 and the district court did not explain why it departed upwards to a ten-year enhancement. *See Martell*, 906 F.2d at 559.

For two reasons, *Martell* does not help Mr. Perez. First, *Martell* does not address whether a district court can impose a § 3147 enhancement that exceeds the statutory maximum for the underlying offense(s) of conviction. Second, unlike what happened in *Martell*, here the twenty five-year sentence was the advisory range provided by the Sentencing Guidelines.

In *Bozza* the defendant argued that he was entitled to notice, before pleading guilty, of the § 3147 enhancement. We rejected this argument, and concluded that he had sufficient notice before the sentencing hearing: "It is clear that [the defendant] had notice of the possible enhancement from the release bond for his prior conviction, the government's notice seeking a sentencing enhancement, and the revised PSR." *Bozza*, 132 F.3d at 661.

Like *Martell*, *Bozza* does not assist Mr. Perez. First, *Bozza* does not address the issue we confront in this appeal. Second, Mr. Perez did not plead guilty, so he is not in the same position as the

defendant in *Bozza* with respect to notice. Third, Mr. Perez had the same notice as the defendant in *Bozza*. His pretrial release form contained the language from § 3147, the government filed a notice before sentencing about its intent to seek the § 3147 enhancement, and the presentence investigation report proposed the § 3147 enhancement.

*Tyndale* also involved a defendant's request to set aside his guilty plea based on his lack of notice that his sentence would be enhanced pursuant to § 3147. *See Tyndale*, 209 F.3d at 1294–1295. Conducting plain error review, we noted that a "single additional day of imprisonment or less would apparently suffice to comply with the statute," which meant that any enhancement could be *de minimus*. As a result, the district court's failure to advise the defendant of the § 3147 enhancement did not violate his substantial rights. *See id.* at 1295–96.

We don't think *Tyndale* is relevant to Mr. Perez's argument about the reach and scope of § 3147. *Tyndale*, a plain error case about what notice might be required about § 3147 in the context of a guilty plea, does not address the issue we resolve today—whether a § 3147 enhancement can exceed the statutory maximum for the underlying offense(s) of conviction. Moreover, as explained above, Mr. Perez had sufficient notice about § 3147. *See Bozza*, 132 F.3d at 661.

## IV

We turn next to Mr. Perez's argument that the ten-year enhancement under § 3147 violated *Apprendi* and its progeny.

*Apprendi* holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. For example, "a drug quantity determination that takes a sentence beyond the statutory maximum must be found by a jury beyond a reasonable doubt." *United States v. Anderson*, 289 F.3d 1321, 1326 (11th Cir. 2002).

## A

We join the Third and Second Circuits in concluding that *Apprendi* applies when a § 3147 enhancement takes the total sentence beyond the statutory maximum for the underlying offense(s) of conviction. *See Lewis*, 660 F.3d at 195; *Confredo*, 528 F.3d at 156. And, as explained below, we conclude that there was an *Apprendi* error.

Mr. Perez faced a combined statutory maximum sentence of fifteen years (i.e., 180 months) in prison for his two § 922 convictions (the underlying offenses). His twenty five-year sentence exceeded the statutory maximum for the § 922 offenses by ten years (i.e., 120 months) due to the application of § 3147. The § 3147 enhancement was predicated on the fact that he committed the § 922(n) offense while he was on pretrial release, but that issue was not submitted to the jury, and as a result the jury did not find that fact beyond a reasonable doubt. This failure violated *Apprendi* because "the relevant 'statutory maximum' is not the maximum sentence a [court] may impose after finding additional facts, but the

22-10267               Opinion of the Court                        13

maximum [it] may impose *without* any additional findings." *Blakely v. Washington*, 542 U.S. 296, 303–04 (2004) (emphasis in original).

The government argues that the failure to submit this issue to the jury did not violate *Apprendi* for two reasons. First, it asserts that *Apprendi* does not apply because committing an offense while on pretrial release should be treated like the fact of a prior conviction, which need not be submitted to the jury. *See United States v. Randall*, 287 F.3d 27, 30 (1st Cir. 2002) ("[T]his factfinding [for § 3147] may fairly be characterized as literally within the express exception recognized in *Apprendi* for 'the fact of a prior conviction.'"). Second, the government maintains that the jury convicted Mr. Perez of receiving a firearm while under indictment in violation of § 922(n), and this satisfies any *Apprendi* concerns.

We disagree with both of these arguments. As a general matter, a person's status on pretrial release is simply not constitutionally identical to the fact of a prior conviction. The former goes to the circumstances surrounding the offense, while the latter establishes that a person was previously found guilty of a certain offense. A conviction for an offense committed while under indictment, moreover, does not necessarily indicate whether the person was on pretrial release when the offense was committed. That is because a person under indictment can commit certain offenses while on pretrial release or while in custody. *See, e.g., United States v. Daoud*, 980 F.3d 581, 593 (7th Cir. 2020) (defendant solicited the murder of an FBI agent and tried to stab another inmate to death while in pretrial detention).

## B

An *Apprendi* violation does not automatically lead to reversal. "Failure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error." *Washington v. Recuenco*, 548 U.S. 212, 222 (2006). In cases of constitutional error where the issue has been properly preserved, the government has the burden of proving that the error was harmless beyond a reasonable doubt. *See United States v. Pon*, 963 F.3d 1207, 1227–28 (11th Cir. 2020) (citing cases).

Under our precedent, an *Apprendi* error is harmless "when there is 'uncontroverted evidence' supporting a statutory fact that alters the range of possible sentences a defendant may receive." *United States v. Payne*, 763 F.3d 1301, 1304 (11th Cir. 2014). In other words, an error is harmless under *Apprendi* if the fact at issue is uncontested. *See United States v. Nealy*, 232 F.3d 825, 830 (11th Cir. 2000) (failure to submit the amount of drugs to the jury was harmless error because the amount was uncontested at trial). We will affirm "if the record does not contain evidence that could rationally lead to a contrary finding with respect to" the fact at issue. *See Anderson*, 289 F.3d at 1327. *See also Nealy*, 232 F.3d at 830 (affirming because "no reasonable jury could have rationally concluded that [the d]efendant was guilty of the substantive offense—possession, with intent to distribute of the cocaine base in his backpack—but that the amount of cocaine possessed was less than 5 grams").

The *Apprendi* error here was harmless beyond a reasonable doubt. Mr. Perez did not dispute at any point that he was on

pretrial release at the time of the § 922(n) offense, and his counsel recognized that this fact was undisputed at oral argument. *See also* Initial Br. at 10–11 (explaining that Mr. Perez was released after signing a form concerning the requirements of pretrial supervision). More importantly, Mr. Perez stipulated at trial that he was under indictment for a felony offense and that he remained under indictment through the date of Officer Tuder's shooting. *See* D.E. 80 at 130. Mr. Perez's probation officer testified that Mr. Perez was required to comply with certain conditions while on pretrial release and that he would be penalized if he violated the conditions. *See id.* at 134–136. The government also introduced at trial a copy of the form containing release conditions, which Mr. Perez had signed. *See id.* Finally, Mr. Perez told a friend "that he was running from the feds," and other friends knew that he "was on the run." D.E. 81 at 56, 74, 196. In short, no reasonable jury could have convicted Mr. Perez of the § 922(n) offense without also finding that he committed this crime while on pretrial release. On this record, the failure to submit the issue to the jury was harmless.

V

We affirm Mr. Perez's sentence.

**AFFIRMED.**